UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA VERTIZ LARA, individually and on behalf of all other persons similarly situated, | Docket No.: |
| Plaintiffs, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| -against- | Jury Trial Demanded |
| CRUNCH LLC CRUNCH BUSHWICK, LLC, CRUNCH LEFFERTS, LLC, and any other related entities, | |
| Defendants. | |

Plaintiff Patricia Vertiz Lara by and through her attorneys, on behalf of herself and all others similarly situated (collectively "Plaintiffs"), alleges, upon personal knowledge as to himself, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action, on behalf of herself and other employees similarly situated (collectively "Plaintiffs"), against Crunch LLC, Crunch Bushwick LLC, Crunch Lefferts, LLC, and any other related entities (collectively "Defendants" or "Crunch"), to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiffs seek unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b), and other applicable federal law.

2.      Plaintiff also brings this action to remedy violations of New York Labor Law ("NYLL") § 190 *et seq.*, § 191, § 198, § 663, § 650 *et seq.*, § 651 et seq., and 12 New York Codes, Rules, and Regulations ("NYCRR") §§ 142-2.2, 142-2.14. Plaintiffs seek unpaid overtime wages,

1

statutory damages for Defendants failure to pay Plaintiffs on a timely basis, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because one or more Defendants may be found in this District.

## THE PARTIES

6. Plaintiff Patricia Vertiz ("Named Plaintiff") resides in the State of New York and was employed by Defendants from approximately May 2019 to February 2024.

7. Upon information and belief, Defendant Crunch LLC ("Crunch") is a business corporation incorporated under the laws of the State of Delaware with its headquarters located at 386 Park Avenue South, 15th Floor, New York, NY 10016, and a principal place of business at 22 West 19th Street, Suite 3L, New York, NY 10011.

8. Upon information and belief, Defendant Crunch Bushwick LLC ("Crunch Bushwick") is a business corporation incorporated under the laws of the State of New York with its principal place of business at 785 Flushing Avenue, Brooklyn, NY 11206.

9. Upon information and belief, Defendant Crunch Lefferts LLC ("Crunch Crown Heights") is a business corporation incorporated under the laws of the State of New York with its

principal place of business at 842 Lefferts Ave, Brooklyn, NY 11203.

10. Defendants had substantial control of the working conditions of the Named Plaintiff and the Putative Class and were complicit in the unlawful policies and practices alleged herein.

11. Upon information and belief, during the relevant statutory period, Defendants employed Plaintiff and the Putative Class.

12. At all relevant times, Defendants employed Plaintiffs as defined by NYLL §§ 651(5) and (6) and applicable regulations, 12 NYCRR § 146-3.2.

13. At all relevant times, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants employed "employee[s]," including Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs bring the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants as non-exempt hourly workers from March 2022 through the present. All said persons, including Named Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs."

15. At all relevant times, Named Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per work week. The claims of the Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. Other non-exempt hourly workers currently or formerly employed by Defendants

should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt hourly workers to receive notice of the action and allow them to opt in to such an action if they so choose.

17. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS

18. Plaintiffs bring the Second and Third Claims for Relief pursuant to Rule 23 to recover unpaid overtime wages, statutory damages for Defendants' failure to pay on a timely basis, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief on behalf of all individuals employed in the State of New York by Defendants as non-exempt hourly workers, from March 2019 through the present (the "Class Period"). All said persons, including Plaintiffs, are referred to as the "Class Members" and/or the "Class."

19. The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records. Notice can be provided by means permissible under Rule 23.

20. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole

control of Defendants, Plaintiffs believe that through discovery they will obtain evidence to establish that there are at least forty members of the Class.

21. Named Plaintiff's claims are typical of the claims of the other Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that Defendants: (i) failed to pay Plaintiffs overtime wages at the correct rate for all hours worked in excess of forty hours per week; and (ii) failed to pay Plaintiffs on a timely basis. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

22. Named Plaintiff and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures caused by Defendants violations of the NYLL.

23. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs have retained Virginia & Ambinder, LLP, experienced employment and class and collective action litigation firms.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and

burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Upon information and belief, employees of the Defendants are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

26. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (i) whether Defendants paid Plaintiffs at the correct overtime rate for all hours worked in excess of forty hours per week; and (ii) whether Defendants paid Plaintiffs on a timely basis.

27. Absent a class action, many of the Class Members likely will not obtain redress of

their injuries and Defendant will retain the proceeds of their violations of the NYLL.

## FACTUAL ALLEGATIONS

28. At all times relevant hereto, Defendants own and operate a chain of gyms/health clubs in the United States and internationally.

29. At all times relevant hereto, Defendants employed Plaintiffs as non-exempt hourly workers.

30. Named Plaintiff worked for Defendants from approximately May 2019 to February 2024, at Defendants' Bushwick and Crown Heights locations.

31. While employed by Defendants, Named Plaintiff performed cleaning services for Defendants including but not limited to cleaning the floors, windows, and workout machines.

32. For majority of Named Plaintiff's employment, Named Plaintiff worked approximately seven (7) days per week, for approximately six (6) to seven (7) hours per day, for a total of approximately 42 to 46 hours per week.

33. For the last fifteen (15) days of Named Plaintiff's employment, Named Plaintiff worked approximately five (5) to six (6) days per week, for approximately nine (9) hours per day, for a total of approximately 45 to 54 hours per week.

34. From approximately 2019 to 2023, Named Plaintiff was paid approximately $15.00 per hour for all hours worked. In 2023, Named Plaintiff was paid $15.50 per hour for all hours worked. In 2024, Named Plaintiff was paid $16.00 per hour for all hours worked.

35. Throughout her employment, Named Plaintiff was paid bi-weekly by check.

36. Named Plaintiff was not paid the applicable overtime hourly rate for all hours worked in excess of forty hours per week.

37. Named Plaintiff's co-workers perform the same and/or similar work to that of

Named Plaintiff.

38. Upon information and belief, like Named Plaintiff, FLSA Collective Plaintiffs and the Class Members generally worked more than 40 hours per week but were not paid overtime wages, at the applicable overtime hourly rate, for all hours worked in excess of 40 hours in any given week.

39. Upon information and belief, Defendants had maintained a practice and policy of assigning Named Plaintiff and FLSA Collective Plaintiffs and the Class Members to work for more 40 hours per week without paying them the applicable overtime hourly rate of pay for all hours worked in excess of 40 per week, in violation of the FLSA and NYLL.

40. Upon information and belief, like Named Plaintiff, FLSA Collective Plaintiffs and the Class Members were paid on a bi-weekly basis.

41. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Named Plaintiff and FLSA Collective Plaintiffs and the Class Members.

42. Upon information and belief, Defendants had substantial control of the working conditions of Named Plaintiff and the FLSA Collective Plaintiffs and the Class Members and over the unlawful policies and practices alleged herein.

43. Defendants knew of, and/or showed reckless disregard for, the practices by which Named Plaintiff and the FLSA Collective Plaintiffs and the Class Members were not paid overtime premiums for all hours worked in excess of forty (40) hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure Named Plaintiff and the FLSA Collective Plaintiffs and the Class Members and that they violated the FLSA and the NYLL.

44. Named Plaintiff and the FLSA Collective Plaintiffs and the Class Members are employees, within the meaning contemplated, pursuant to the FLSA and NYLL.

45. Upon information and belief, Defendants are employers pursuant to the FLSA and NYLL.

## FIRST CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages - FLSA, Brought by Named Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

46. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

47. At all relevant times, Named Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

48. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Named Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

49. Named Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages - NYLL, Brought by Named Plaintiff on Behalf of Herself and the Class Members)**

50. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

51. Pursuant to 12 NYCRR § 146-1.4 "[a]n employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate . . . ."

52. NYLL § 663 provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall

recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due."

53. Defendants are employer within the meaning of the NYLL and the supporting New York State Department of Labor regulations.

54. Named Plaintiff and Putative Class members are employees within the meaning of the NYLL and the supporting New York State Department of Labor regulations.

55. Upon information and belief, Named Plaintiffs and other members of the Putative Class worked more than forty (40) hours per week.

56. Upon information and belief, Defendants did not pay Named Plaintiff and other members of the Putative Class at a rate of one and one-half their regular rate of pay for all hours that they worked above forty (40) in a week.

57. Consequently, by failing to pay Named Plaintiff and members of the Putative Class overtime compensation for all hours worked after the first forty hours in a week, Defendants violated the NYLL § 663 and 12 NYCRR § 146-1.4.

58. Upon information and belief, Defendants' failure to pay Named Plaintiffs and Putative Class members overtime compensation for all hours worked beyond forty (40) in a week was willful.

59. By the foregoing reasons, Defendants violated NYLL § 663 and 12 NYCRR § 146-1.4, and are liable to Named Plaintiff and members of the Putative Class in an amount to be determined at trial, plus interest, attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
**(Failure to Pay on a Timely Basis – NYLL, Brought by Named Plaintiff on Behalf of Herself and the Class Members)**

60. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

61. Pursuant to NYLL § 191(1)(a)(i), absent express authorization from the New York State Department of Labor Commissioner, manual workers must generally "be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned."

62. Upon information and belief, Defendants have not received such authorization from the New York State Department of Labor Commissioner.

63. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Named Plaintiff and Putative Class members.

64. Defendants failed to pay Named Plaintiff and Putative Class members on a timely basis as required by NYLL § 191(1)(a). Due to Defendants' violations of the NYLL, Named Plaintiff and Putative Class members are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, on behalf of herself, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and

permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as a class action;

(c) Designation of the Named Plaintiff as Representative of the FLSA Collective Plaintiffs and Class Representative of the Class;

(d) An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g) Liquidated Damages;

(h) Pre-Judgment and post-judgment interest, as provided by law; and

(i) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       March 26, 2025

**VIRGINIA & AMBINDER, LLP**
  /s/LaDonna Lusher, Esq.
LaDonna Lusher, Esq.
Paige I. Piazza, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel: 212-943-9080
llusher@vandallp.com
ppiazza@vandallp.com

**NAYDENSKIY LAW FIRM, LLC**
Gennadiy Naydenskiy, Esq.
517 Brighton Beach, Ave, 2nd Fl.,
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com

*Attorneys for Named Plaintiff and Putative Class*

13